LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
Email: dalekgalipo@yahoo.com
Thomas C. Seabaugh, Esq. (Bar No. 272458)
Email: tseabaugh@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

MILLER & AYALA
Nathan S. Miller, Esq.
Email: nate@millerandayala.com
191 W. Shaw Ave., Suite 102
Fresno, CA 93704
Telephone: (559) 222-6622
Facsimile: (559) 222-6626

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BILLY BEAIRD, individually and as successor in interest to Decedent Brian Beaird;
CHRISTAL BENJAMIN, individually and as successor in interest to Decedent Brian Beaird;

Plaintiffs,

vs.

CITY OF LOS ANGELES;
DOES 1-10, inclusive;

Defendants.

Case No. 14-cv-03740

**COMPLAINT FOR DAMAGES**

1. Fourth Amendment —Excessive Force (42 U.S.C. § 1983)
2. Substantive Due Process (42 U.S.C. § 1983)
3. Municipal Liability – Ratification (42 U.S.C. § 1983)
4. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)
5. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
6. Battery (Wrongful Death)
7. Negligence (Wrongful Death)

**DEMAND FOR JURY TRIAL**

**COMPLAINT FOR DAMAGES**

BILLY BEAIRD and CHRISTAL BENJAMIN, individually and as successors in interest to Brian Beaird, deceased (all together, "Plaintiffs"), for their complaint against the City of Los Angeles and Does 1-10, inclusive, (all together, "Defendants") allege as follows:

**INTRODUCTION**

1. This civil rights and wrongful death action seeks compensatory and punitive damages from the City of Los Angeles and its police officers for the violation of various rights under the United States Constitution and state law in connection with the fatal police shooting of 51-year-old disabled veteran Brian Beaird on December 13, 2013.

2. The shooting of Brian Beaird was broadcast on live television, and afterwards was featured prominently on national and international news. Video footage broadcast by KTLA live depicts Brian Beaird, who is clearly unarmed, being shot as he is stumbling away from a swarm of police vehicles. Sadly, Brian's father Billy Beaird, who had a very close relationship with his son, witnessed the fatal shooting of his son on live television.

3. Plaintiffs contend that the shooting of Brian Beaird is the fruit of the Los Angeles Police Department's longstanding unconstitutional customs and practices with respect to the use of deadly force. Despite soaring numbers of LAPD shootings in recent years, a negligible number (if any) of the officers involved have ever been disciplined, retrained, terminated, or criminally prosecuted. This has contributed to a culture of impunity, subject to which officers believe that they can open fire without consequences.

4. This case is in the public interest.

**PARTIES**

5. At all relevant times, Brian Beaird ("Decedent") was an individual residing in the County of Los Angeles, State of California.

6. Plaintiffs sue both in their individual capacity as the parents of Decedent and in representative capacities as successors in interest to Decedent, their son, pursuant to California Code of Civil Procedure § 377.60(a).

7. At all relevant times, each of Defendants Does 1-10, inclusive, was a police officer and/ or a managerial, supervisorial, and policymaking employee of the Los Angeles Police Department, who was acting under color of law within the course and scope of his duties as a police officer and/ or a managerial, supervisorial, and policymaking employee for the Los Angeles Police Department and with the complete authority and ratification of his or her principal, Defendant City of Los Angeles. Defendants Does 1-10 caused Decedent's and Plaintiffs' injuries by shooting the Decedent, by integrally participating or failing to intervene in the shooting, and by engaging in other acts and/ or omissions around the time of the shooting that resulted in Decedent's death.

8. In doing the acts and failing and omitting to act as hereinafter described, Does 1-10 were acting on the implied and actual permission and consent of City.

9. At all times mentioned herein, each and every City Defendant was the agent of each and every other City Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every City Defendant.

10. The true names of Defendants Does 1-10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitiously-named defendants is responsible in some manner for the conduct and liabilities alleged herein.

11. On information and belief, at all relevant times, Does 1-10 (all together, the "Officer Defendants") were residents of the State of California.

12. The Officer Defendants are directly liable for Decedent's and Plaintiffs' injuries under state law and federal law pursuant to 42 U.S.C. § 1983 and are sued in their individual capacities for damages only.

13. On December 20, 2013 Plaintiffs filed comprehensive and timely claims for damages with the City pursuant to applicable sections of the California Government Code.

14. The City denied Plaintiffs' claims by operation of law.

**JURISDICTION AND VENUE**

15. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

16. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the City of Los Angeles, California.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

17. The foregoing allegations are incorporated as if re-alleged herein.

18. At all relevant times, the Officer Defendants were acting under color of law and as employees of the Los Angeles Police Department and the City of Los Angeles.

19. On December 13, 2013, the Officer Defendants were engaged in a vehicle pursuit of Decedent.

20. The vehicle pursuit came to an unexpected end when an apparently uninvolved civilian vehicle ran a red light crashed into the Decedent's car as it traveled through an intersection.

21. After the crash, the Decedent exited his car and began walking around the rear of the crashed vehicle.

22. Despite the fact that the Decedent was clearly unarmed and stumbling away from the officers, the Officer Defendants inexplicably opened fire.

23. The Decedent was struck repeatedly by gunfire and died.

24. At all relevant times, the Decedent was unarmed and in mental health distress. The Decedent was a disabled veteran.

25. At all relevant times, the Decedent did not have a weapon or anything that looked like a weapon.

26. The shooting of Decedent was captured and broadcast by live television.

**FIRST CLAIM FOR RELIEF**

**Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**

(Against All Officer Defendants)

27. The foregoing allegations are incorporated as if re-alleged herein.

28. When the Officer Defendants shot and killed Decedent, they deprived the Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

29. The shooting of Decedent was excessive and unreasonable, especially because Decedent was unarmed, the Decedent was vastly outnumbered by the Officer Defendants, and the Decedent did not pose an imminent threat of death or serious bodily injury to the Officer Defendants or to anyone else.

30. As a result of the conduct of the Officer Defendants, Decedent died.

31. The Officer Defendants' shooting of Decedent violated their training.

32. The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to each of them.

33. Each of the Officer Defendants integrally participated in, or failed to intervene in, the conduct described above.

34. Plaintiffs bring this claim individually and as successors in interest to Decedent, and seek both survival and wrongful death damages for the violation of Decedent's rights.

35. Plaintiffs seek damages for Decedent's pain and suffering and loss of enjoyment of life.

36. Plaintiffs seek attorney fees under this claim. Plaintiffs are also seeking funeral and burial expenses and loss of financial support.

## SECOND CLAIM FOR RELIEF

**Substantive Due Process (42 U.S.C. § 1983)**

(Against All Officer Defendants)

37. The foregoing allegations are incorporated as if re-alleged herein.

38. Plaintiffs had cognizable interests under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial relationship with their son, Decedent.

39. Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

40. The aforementioned actions of the Officer Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

41. Specifically, the following conduct of the Officer Defendants shocks the conscience:

(a) shooting at an unarmed person;

(b) shooting at a non-dangerous person;

(c) shooting at a disabled veteran;

(d) shooting at that person when that person did not pose a threat;

(e) shooting that person a large number of times;

(f) continuing to shoot that person while he is on the ground;

(g) integrally participating in or failing to intervene in the above misconduct; and

(h) all of the above acts together.

42. The Officer Defendants acted under color of state law.

43. The Officer Defendants violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with Decedent.

44. The conduct of the Officer Defendants was a cause of Decedent's death.

45. As a direct and proximate cause of the acts of the Officer Defendants, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, their loved one and family member, and they will continue to be so deprived for the remainder of their natural lives.

46. As a direct and proximate cause of the acts of the Officer Defendants, Decedent experienced severe pain and suffering and loss of enjoyment of life.

47. The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to each of the Officer Defendants.

48. Plaintiffs bring this claim individually and as successors in interest to Decedent, and seek wrongful death and survival damages for the violation of Decedent's rights.

49. Plaintiffs also seek attorney fees under this claim. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

## THIRD CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Against All Defendants)

50. The foregoing allegations are incorporated as if re-alleged herein.

51. The Officer Defendants acted under color of law;

52. The acts of the Officer Defendants deprived the Decedent and Plaintiffs of their particular rights under the United States Constitution.

53. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Officer Defendants, ratified (or will ratify) the Officer Defendants' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the Officer Defendants' acts.

54. Upon information and belief, a final policymaker has determined (or will determine) that the acts of the Officer Defendants were "within policy."

55. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Decedent. The aforementioned acts and

omissions also caused Decedent's pain and suffering, loss of enjoyment of life, and death.

56. Accordingly, Defendants City and Does 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

57. Plaintiffs bring this claim in each case individually and as successors-in-interest to Decedent, and in each case seek both survival and wrongful death damages under this claim.

58. Plaintiffs also seek attorney fees under this claim. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against All Defendants)

59. The foregoing allegations are incorporated as if re-alleged herein.

60. The Officer Defendants acted under color of law;

61. The acts of the Officer Defendants deprived the Decedent and Plaintiffs of their particular rights under the United States Constitution.

62. The training policies of the Defendant City of Los Angeles were not adequate to train its police officers to handle the usual and recurring situations with which they must deal.

63. The Defendant City of Los Angeles was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately.

64. The failure of the Defendant City of Los Angeles to provide adequate training caused the deprivation of the plaintiff's rights by the Officer Defendants; that is, the defendant's failure to train is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

65. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training,

guidance, and past and future support of Decedent. The aforementioned acts and omissions also caused Decedent's pain and suffering, loss of enjoyment of life, and death.

66. Accordingly, Defendants City and Does 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

67. Plaintiffs bring this claim in each case individually and as successors-in-interest to Decedent, and in each case seek both survival and wrongful death damages under this claim.

68. Plaintiffs also seek attorney fees under this claim. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against All Defendants)

69. The foregoing allegations are incorporated as if re-alleged herein.

70. The Officer Defendants acted under color of law;

71. The Officer Defendants acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant City of Los Angeles.

72. On information and belief, the Officer Defendants were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Decedent's death.

73. City and Officer Defendants, together with other City policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive force, including excessive deadly force;

(b) Providing inadequate training regarding the use of deadly force;

(c) Mistreating the mentally ill and persons with disabilities;

(d) Providing inadequate training regarding encounters with the mentally ill and persons with disabilities;

(e) Employing and retaining as police officers individuals such as Officer Defendants, who Defendant City at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force and mistreating the mentally ill and persons with disabilities ;

(f) Inadequately supervising, training, controlling, assigning, and disciplining City police officers, and other personnel, including Officer Defendants, who Defendant City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(g) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by City police officers, including Officer Defendants;

(h) Failing to adequately discipline City police officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(i) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(j) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(k) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

(l) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

74. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Decedent. The aforementioned acts and omissions also caused Decedent's pain and suffering, loss of enjoyment of life, and death.

75. Defendants City and Does 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.

76. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Does 1-10 acted with intentional, reckless, and

callous disregard for the life of Decedent and for Decedent's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants City and Does 1-10 were affirmatively linked to and were a significantly influential force behind the injuries of Decedent and Plaintiffs.

77. Accordingly, Defendants City and Does 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

78. Plaintiffs bring this claim in each case individually and as successors-in-interest to Decedent, and in each case seek both survival and wrongful death damages under this claim.

79. Plaintiffs also seek attorney fees under this claim. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

## SIXTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death)

(Against All Defendants)

80. The foregoing allegations are incorporated as if re-alleged herein.

81. The Officer Defendants, while working as police officers for the City Sheriff's Department, and acting within the course and scope of their duties, intentionally shot at Decedent repeatedly with department-issued firearms.

82. The actions of the Officer Defendants caused the Decedent severe pain and suffering and loss of enjoyment of life, and he ultimately died from his injuries. The Officer Defendants did not have legal justification for using deadly force against the Decedent, and said the use of deadly force against Decedent was objectively unreasonable.

83. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs and Decedent were injured. Plaintiffs have been deprived of the

life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also are claiming funeral and burial expenses and a loss of financial support.

84. The City is vicariously liable for the wrongful acts of the Officer Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

85. Plaintiffs bring this claim in each case individually and as a successor in interest to Decedent, and they seek wrongful death damages for the violation of Decedent's rights.

## SEVENTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death)

(Against All Defendants)

86. The foregoing allegations are incorporated as if re-alleged herein.

87. The actions and inactions of the Officer Defendants were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against Decedent;

(b) the negligent tactics and handling of the situation with Decedent, including pre-shooting negligence;

(c) the negligent detention, arrest, and use of force, including deadly force, against Decedent;

(d) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent;

88. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent lost his life. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also are claiming funeral and burial expenses and a loss of financial support.

89. City is vicariously liable for the wrongful acts of the Officer Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

90. Plaintiffs bring this claim individually and as successors in interest to Decedent, and seek both wrongful death damages for the violation of Decedent's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against all Defendants as follows:

A. For compensatory damages in the amount of $20,000,000, or in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B. For funeral and burial expenses, and loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For reasonable costs of this suit and attorneys' fees; and

F. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: Mav 15. 2014

LAW OFFICES OF DALE K. GALIPO

Bv *_/s/ Thomas C. Seabauah_*

Dale K. Galipo
Thomas C, Seabaugh
Attornevs for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: Mav 15. 2014

LAW OFFICES OF DALE K. GALIPO

Bv *   /s/ Thomas C. Seabauah*

Dale K. Galipo
Thomas C. Seabaugh
Attornevs for Plaintiffs